**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
CIVIL DIVISION

MONTOYA WHITEMAN,           :

    Plaintiff,              :

                           :

v.                          :   Case No. _____

                           :

RENAISSANCE HOTEL OPERATING
COMPANY, et al.,            :

    Defendants.            :

---

## NOTICE OF REMOVAL

    COMES NOW the Defendant, Renaissance Hotel Operating Company d/b/a Renaissance Washington D.C. Downtown Hotel ("Renaissance"), by and through its undersigned counsel, Budow and Noble, P.C. and Walter E. Gillcrist, Jr. and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes the above-captioned matter to this Court. The grounds for removal are set forth below.

### Nature of Plaintiff's Claim

    1.    On or about September 15, 2016, Plaintiff Montoya Whiteman ("Plaintiff") filed an action against Defendant in the Superior Court for the District of Columbia styled *Montoya A. Whiteman v. Renaissance Hotel Operating Company d/b/a Renaissance Washington D.C. Downtown Hotel, et al.*, Civil Action No. 2016 CA 006879 B.

    2.    Defendant Renaissance was served with process on September 23, 2016. It is not presently known whether the Co-Defendant, United Hospitality Solutions, L.L.C. ("Defendant United") was served.

    3.    In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Summons and Notice of Service of Process are attached hereto as <u>Exhibit A</u>.

4. The Complaint asserts that Plaintiff, who is a resident of the State of Colorado, sustained injuries on or about March 19, 2015, while Plaintiff was a guest at the Renaissance Washington D.C. Downtown Hotel, which is located at 999 Ninth St., NW, Washington, DC 20001.

5. Plaintiff asserts a claim for negligence against Defendant Renaissance. Plaintiff seeks in excess of $100,000.00 in compensatory damages, plus costs.

## Procedural Posture

6. This Notice of Removal of this case to the United States District Court is filed by Defendant Renaissance within thirty (30) days after service of process of the Complaint, and is therefore timely. See 28 U.S.C. § 1446(b).

## Parties

7. Plaintiff alleges in his Complaint that Plaintiff resides in Colorado (Complaint ¶ 3). Therefore, pursuant to 28 U.S.C. § 1332(c)(1), for diversity purposes, Plaintiff is a citizen of Colorado.

8. Plaintiff alleges that Defendant United is an Ohio Corporation (Complaint ¶ 5).[1] Therefore, pursuant to 28 U.S.C. § 1332(c)(1), for diversity purposes, Defendant United is a citizen of Ohio.

9. Defendant Renaissance is a corporation with its principal place of business in Bethesda, Maryland (Complaint at ¶ 4). Therefore, pursuant to 28 U.S.C. § 1332(c)(1), for diversity purposes, Defendant Renaissance is a citizen of Maryland.

## Jurisdiction

10. This action is a civil action which falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship), and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(a), (b) and (c).

---

[1] The name suggests Defendant United is actually a limited liability company rather than corporation.

2

11. This case is removable pursuant to 28 U.S.C. § 1441 because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a). Section 1332(a) provides in pertinent part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between-
>
> (1) citizens of different states...

12. Plaintiff is a citizen of Colorado, Defendant United is a citizen of Ohio, and Defendant Renaissance is a citizen of Maryland. Therefore, complete diversity exists between Plaintiff and Defendants.

13. Plaintiff's Complaint seeks in excess of $100,000.00 in compensatory damages plus costs.

14. Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446(a), this Court has original jurisdiction over this action because the amount in controversy may exceed $75,000.00 and because this action is between citizens of different states.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court for the District of Columbia, and served along with written notice on Plaintiff's counsel of record. A copy of the Notice to the Clerk of Removal is attached hereto as <u>Exhibit B</u>.

16. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved to Defendant.

WHEREFORE, Defendant Renaissance Hotel Operating Company d/b/a Renaissance Washington D.C. Downtown Hotel hereby removes to this Court the above-captioned action, which is now pending in the Superior Court for the District of Columbia.

Respectfully submitted,

**BUDOW AND NOBLE, P.C.**

_____
Walter E. Gillcrist, Jr., Esquire,
7315 Wisconsin Avenue, Suite 500 West
(301) 654-0896 telephone
(301) 907-9591 facsimile
*Attorneys for Renaissance Hotel Operating Company d/b/a Renaissance Washington Downtown Hotel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___11___ day of **October, 2016**, a copy of the foregoing **Notice of Removal** was served electronically and/or via first class mail, postage prepaid on the following:

Matthew A. Nace, Esquire, Bar No. 1011968
Paulson & Nace, PLLC
1615 New Hampshire Avenue, NW
Washington, DC 20009
*Attorneys for Plaintiff*

United Hospitality Solutions, LLC
Serve: Department of Consumer and Regulatory Affairs
Business and Professional Licensing Admin.
Corporations Division
1100 4th Street, SW
4th Floor
Washington, DC 20024

_____
Walter E. Gillcrist, Jr., Esquire, Bar No. 398328